

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-3256

Re: Does the Commissioners'
Court of Hill County have
the authority to lease a
building site and erect a
warehouse to be used by the
road and bridge department
of the county and pay for
same out of the permanent
improvement funds? and re-
lated questions.

Your request for an opinion of this Department on the questions stated herein has been received.

We quote from your letter as follows:

"Please send me a copy of Opinion #0-1647, date November 17, 1939. Also I would appreciate your opinion on questions as follows:

"1. Does Opinion #0-1647 apply to Hill County?
"2. Does the Commissioners Court of Hill County have the authority to lease a building site and erect a warehouse to be used by the Road & Bridge Department of the County and pay for same out of the Permanent Improvement Funds of the County?

"3. Does the Commissioners Court of Hill County have the authority to purchase a building site and erect thereon a warehouse to be used by the Road and Bridge Department and pay for same out of the Permanent Improvement Fund of the County?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"4. Where the Commissioners Court have leased
a building site and placed a building thereon, same
being paid out of the Road & Bridge Fund, can the
Road & Bridge Fund be reimbursed out of the Permanent
Improvement Fund?

"If the answers to the above listed questions
are in the affirmative-(a) can these warehouses be
located in the different Commissioners' Precincts, -
(b) in purchasing or leasing building sites and
placing buildings thereon would the Commissioners
Court be required to advertise for bids?"

Section 9 of Article 8 of the Texas Constitution reads as
follows:

"The State tax on property, exclusive of the
tax necessary to pay the public debt, and of the
taxes provided for the benefit of the public free
schools, shall never exceed thirty-five cents on the
one hundred dollars valuation; and no county, city
or town shall levy more than twenty-five cents for
city or county purposes, and not exceeding fifteen
cents for roads and bridges, and not exceeding fif-
teen cents to pay jurors, on the one hundred dollars
valuation, except for the payment of debts incurred
prior to the adoption of the amendment September
25th, 1883; and for the erection of public buildings,
streets, sewers, water works and other permanent
improvements, not to exceed twenty-five cents on the
one hundred dollars valuation, in any one year, and
except as is in this Constitution otherwise provided;
and the Legislature may also authorize an additional
annual ad valorem tax to be levied and collected for
the further maintenance of the public roads; provided,
that a majority of the qualified property tax-paying
voters of the county voting at an election to be
held for that purpose shall vote such tax, not to
exceed fifteen cents on the one hundred dollars
valuation of the property subject to taxation in
such county. And the Legislature may pass local laws
for the maintenance of the public roads and highways,
without the local notice required for special or
local laws."

Article 2351, Vernon's Annotated Civil Statutes, setting forth the powers and duties of the commissioners' court, reads in part as follows:

" . . .

"7. Provide and keep in repair county houses, jails and all necessary public buildings.
. . ."

Article 2352, Vernon's Annotated Civil Statutes, referring to the commissioners' court, reads as follows:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and not to exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment of the Constitution, September 25, A. D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto."

In Texas Jurisprudence, Vol. 34, pages 2 and 8, it is stated:

" 'Public Buildings' is a term ordinarily used to designate such structures as the capitol in the capitol grounds at Austin, including the executive mansion, the various state asylums, college or university buildings erected by the State, courthouses and jails and other buildings held for public use by any department or branch of government, State, county or municipal. . .

And any other building would seem to come within
this definition provided it is properly shown
that it is owned or controlled and held by public
authorities for public use. . ."

In compliance with your request, we are enclosing here-
with a copy of our opinion No. O-1647. You will note that
Harrison County has a special county road and bridge law and
that there are many facts presented in the letter requesting
an opinion of this Department in opinion No. O-1647, which
are not presented in your letter of inquiry. Whether or not
said opinion applies to Hill County depends upon the parti-
cular facts, and if the facts are the same, Opinion No. O-1647
would be applicable to Hill County.

The above quoted provisions of the Constitution and
Statutes authorize the commissioners' court to build and re-
pair public buildings, and the term "public buildings" is
broad enough to include a warehouse or warehouses owned and
used exclusively by the county for the purposes above mention-
ed.

It is stated in Corpus Juris Secundum, Vol. 20, page 996:

"It is within the powers and duties of the
county to erect, furnish, and repair necessary
public county buildings and offices. The author-
ity to provide, construct, improve, maintain, fur-
nish and repair courthouses, jails, and other public
county buildings may be vested in the county com-
missioners of the county, or the county court or a
judge thereof, or the physical court, or other
official body."

A county may acquire land by deed, or expropriation; and
by Article 3264a, Vernon's Annotated Civil Statutes, the right
of eminent domain is conferred upon counties of the State
of Texas for the purpose of condemning and acquiring land,
right-of-way or easement in land, private or public, except
property used for cemetery purposes, where said land, right-
of-way or easement is necessary in construction of jails,
courthouses, hospitals, delinquent and dependent schools, poor
farms, libraries or for other public purposes, where such pur-
pose is now or may hereafter be authorized by the Constitution
or Statutes of this State. A county has the power to enter into

a lease and to become a tenant of real estate when the use thereof is needed to carry out any of its acknowledged powers and purposes, and the question as to the necessity of leasing such space is within the judgment and discretion of the commissioners' court. (Corpus Juris Secundum, Vol. 20, page 1002).

We answer your second and third questions as follows: The commissioners' court of Hill County has the legal authority to lease or purchase a building site and erect a warehouse to be used by the road and bridge department of the county and pay for the same out of the permanent improvement funds of the county, provided a tax is levied and collected for the permanent improvement fund to be used for such purposes, provided further that such levy does not exceed the statutory and constitutional limitations.

In reply to your fourth question you are advised that the commissioners' court does not have the legal authority to reimburse the road and bridge fund out of the permanent improvement fund where the commissioners' court has leased a building site and placed a building thereon, where the same has been paid out of the road and bridge fund. (Carroll v. Williams, 202 S.W. 504; Commissioners' Court of Henderson County vs. Burke, 262 S.W. 94). The permanent improvement fund and the road and bridge fund are constitutional funds, and the commissioners' court has not power to transfer money from one fund to another.

With reference to your last question, it is our opinion that it is within the discretion of the commissioners' court whether or not a warehouse is needed for each commissioner's precinct, and the said court can determine the location of said warehouse or warehouses. In purchasing or leasing building sites and placing buildings thereon, the commissioners' court would be required to advertise for bids as required by Article 2368a, Vernon's Annotated Civil Statutes, when the commissioners' court enters into any contract or agreement for the construction of any public building or the prosecution and completion of any public work requiring or authorizing any expenditure in excess of $2,000.00.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUL 7 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:N

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE